IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CAPITAL TRAIL VEHICLE ASSOCIATION, CITIZENS FOR BALANCED USE, KEN SALO, a Montana Citizen, JODY LOOMIS, a Montana Citizen, and PATRICIA J. DAUGAARD, a Montana Citizen,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>U.S. FOREST SERVICE, a federal agency; UNITED STATES DEPARTMENT OF AGRICULTURE, a federal department; THE U.S. FOREST SERVICE, NORTHERN REGION; THE HELENA NATIONAL FOREST; and EMILY PLATT, in her official capacity as Forest Supervisor for the Lewis and Clark National Forest,<br><br>　　　　　　　Defendants. | CV 22-15-H-BMM-KLD<br><br><br>ORDER |

　　　Helena Hunters and Anglers Association (Helena Hunters) has filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). Plaintiffs do not oppose this motion and the federal

1

defendants take no position on the motion. (Doc. 17 at 2).

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *DBSI/TRI IV Ltd. Partnership v. United States,* 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919

(9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This case is in its earliest stages, and there is no indication that allowing Helena Hunters to intervene will prejudice the existing parties. Helena Hunters moved to intervene without delay, and its motion is thus timely. Plaintiffs seek to permanently vacate or enjoin the implementation of the Divide Travel Plan for the Helena-Lewis and Clark National Forest. As detailed in its supporting brief, Helena Hunters and its members have significant protectable interests that may be impaired as a result of this litigation because they regularly recreate and hunt in the area of the travel plan and maintain that the travel plan protects habitat and wildlife in the Divide landscape. Finally, Helena Hunters has shown that the Federal Defendants' representation of Helena Hunter's protectable interest may be inadequate because the Federal Defendants' interests are more focused on the broad public interest and managing the forest under NFMA than on Helena Hunter's conservation interest in relation to the Divide Travel Plan.

Because Helena Hunters satisfy the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that Helena Hunters' motion to intervene as a matter of

right pursuant to Fed. R. Civ. P. 24(a) is GRANTED.[1] The Clerk of Court is directed to add Helena Hunters and Anglers Association as a Defendant-Intervenor, and the case caption shall be modified accordingly. Helena Hunters shall abide by the terms of the existing case management orders and its summary judgement brief will be due on September 1, 2022, limited to 10,000 words, and its reply will be due on October 13, 2022, limited to 6,250 words.

IT IS FURTHER ORDERED that Helena Hunters shall refile the Proposed Answer (Doc.18-4) attached to its motion to intervene.

DATED this 31st day of May, 2022

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] "A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)." *United States v. Marsten Apartments, Inc.* 175 F.R.D. 265, 267 n. 1 (E.D. Mich. 1997). See also *Robert Ito Farm, Inc. v. City of Maui*, 2015 WL 134070, at *2 (D. Haw. Jan 9. 2015); *United States v. Brooks*, 163 F.R.D. 601 (D. Or. 1995).